LOGAN COUNTY
COMMON PLEAS COURT
FILED

2020 JUL 27 PM 12: 56

BARB McDONALD
CLERK

## IN THE COMMON PLEAS COURT OF LOGAN COUNTY, OHIO
## GENERAL DIVISON

| | | |
|---|---|---|
| AIMEE ERWIN<br>3196 Bible Drive,<br>Bellefontaine, Ohio 43311<br>    Plaintiff | * <br> * <br> * | Case No. **CV20070158** |
| v. | * <br> * | **COMPLAINT** |
| HONDA NORTH AMERICA, INC.<br>24000 Honda Pkwy.,<br>Marysville, Ohio 43040<br>    Defendant | * <br> * | |

---

Now comes Plaintiff Aimee Erwin, by and through her undersigned legal counsel, and states the following as her Complaint against Defendant Honda North America, Inc.

### FIRST CLAIM FOR RELIEF

1. Plaintiff, Aimee Erwin (herein "Erwin"), is a resident of Bellefontaine, Logan County, Ohio, and Defendant Honda North America, Inc. (herein "Honda"), is a corporation conducting business in the State of Ohio, and Logan County, Ohio.

2. Erwin was employed by Honda in various roles, including but not limited to as a recruiter and contingent recruiter, and was qualified for the positions she held.

3. Erwin suffers from one or more serious health conditions, is disabled, and has a record of an impairment which substantially limits one or more of her major life activities.

4. Honda knew of Erwin's serious health conditions, disability, and record of impairment which substantially limited one or more of her major life activities.

5. Erwin was qualified for her position with Honda, and had the skills, experience, and other job related requirements necessary for her position, and was able to perform the essential functions of her position, or in the alternative, was able to perform the essential functions of her position with reasonable accommodations.

6. Erwin resigned from her position at Honda on or about the 24th day of March 2020, because Honda made the workplace so intolerable that Erwin felt compelled to resign, and was constructively terminated based upon said health conditions, disability, and impairment, which were determining factors in her constructive termination.

7. In May, 2017, Erwin took six weeks of unpaid leave under the Family Medical Leave Act (herein FMLA). Upon her return to work following this FMLA leave, Erwin was removed from her position as a recruiter, and was moved to a contingent recruiter position.

8. Following her return from FMLA, Erwin requested that her hours be reduced based upon her continuing health conditions, disability, and record of impairment, and Honda denied each request despite the requests being part of Honda's general policy and practices, and the requested accommodation being reasonable.

9. In February 2018, based upon her health conditions, disability, and record of impairment, Erwin sought treatment and therapy at Dublin Springs, and took six weeks of unpaid leave under FMLA.

10. Erwin continued to and still continues to participate in treatment at Dublin Springs three days a week, and occasionally used personal and sick time to attend treatment.

2

11. In November 2019, Erwin took leave under FMLA, and was on leave for less than four weeks. Erwin was removed from her contingent recruiter position, and was told by Honda that the position was being taken away from her.

12. In January 2020, Erwin made a complaint to compliance and ethics and asserted that the foregoing conduct was wrongful, and instead of Honda investigating the complaints made by Erwin, the investigation was made against Erwin.

13. In January 2020, Honda removed Erwin's work from home opportunities, she was required to remain at her desk during working hours, and her flex-time was taken away.

14. In January 2020, Erwin became physically ill while driving to work as a result of the foregoing conduct of Honda.

15.  In February 2020, Erwin took leave under FMLA, and was on leave for four weeks. This FMLA was based upon Erwin's increased health issues based upon the conduct of Honda after her November FMLA leave, and her continuing disability, and record of impairment which substantially limited one or more of her major life activities.

16. Erwin was discriminated against based upon her disability, and Erwin's health conditions, disability, and impairment were determining factors in Honda's conduct toward Erwin, and the constructive termination of Erwin.

17. As a result of the foregoing conduct of Honda, Erwin suffered damages, including loss of wages, loss of benefits, physical, mental, and emotional pain and suffering, medical bills, and other damages to be shown at the ultimate trial of this matter.

3

WHEREFORE, Plaintiff Aimee Erwin demands judgment against Defendant Honda North America, Inc. for an amount in excess of $25,000, plus interest, costs, and any other relief deemed just and proper.

## SECOND CLAIM FOR RELIEF

18. Erwin hereby restates each and every allegation contained in the first claim for relief as fully restated herein.

19. Erwin has a record of a mental impairment which substantially limits one or more major life activities.

20. Erwin was qualified for her position based upon her skills, experience, education, and was able to perform the essential functions of her position with reasonable accommodation.

21. Honda failed to reasonably accommodate Erwin's disability by including but not limited to, denying Erwin's requests for a modified work schedule.

22. As a result of the foregoing conduct of Honda, Erwin suffered damages, including loss of wages, loss of benefits, physical, mental, and emotional pain and suffering, medical bills, and other damages to be shown at the ultimate trial of this matter.

WHEREFORE, Plaintiff Aimee Erwin demands judgment against Defendant Honda North America, Inc. for an amount in excess of $25,000, plus interest, costs, and any other relief deemed just and proper.

## THIRD CLAIM FOR RELIEF

23. Erwin hereby restates each and every allegation contained in the first and second claims for relief as fully restated herein.

4

24. During 2017, 2018, 2019, and 2020 – Erwin was retaliated against based upon the protected conduct she had engaged in during her employment with Honda.

25. During the course of her employment with Honda, Erwin was assigned to less favorable job duties and positions, was denied benefits and accommodations in-line with general company policy, was investigated, and disciplined, and was otherwise treated differently than similarly situated employees based upon protected conduct which she had engaged in during the course of her employment with Honda.

26. Erwin actively opposed the discrimination and retaliation which was occurring, by including but not limited to, stating the conduct was improper, and requesting an investigation.

27. As a result of Erwin's foregoing protected conduct, the discriminated and retaliation by Honda increased and intensified.

28. The retaliatory conduct of Honda caused Erwin physical and emotional injury.

29. Erwin's constructive discharge was in response to, and based upon the protected conduct of Erwin, and was retaliatory, and was a determining factor Erwin's constructive discharge as well as the other adverse employment actions taken against Erwin by Honda, including but not limited changing Erwin's positions, investigating Erwin, and denying and removing Erwin's job benefits.

30. As a result of the foregoing conduct of Honda, Erwin suffered damages, including loss of wages, loss of benefits, physical, mental, and emotional, pain and suffering, and medical bills, other damages to be shown at the ultimate trial of this matter.

WHEREFORE, Plaintiff Aimee Erwin demands judgment against Defendant Honda North America, Inc. for an amount in excess of $25,000, plus interest, costs, and any other relief deemed just and proper.

## FOURTH CLAIM FOR RELIEF

31. Erwin hereby restates each and every allegation contained in the first, second, and third claims for relief as fully restated herein.

32. Erwin was eligible for FMLA leave during the times she took same.

33. Erwin provided Honda with notice that she needed leave pursuant to FMLA.

34. Honda interfered with Erwin's FMLA leave, and retaliated against Erwin for taking FMLA leave, by including but not limited to, changing her work positions and titles upon her return, investigating Erwin, removing job benefits, and by making working conditions so intolerable that Erwin felt compelled to resign from her position.

35. Honda's conduct was taken in whole, or in part, in interference and retaliation for Erwin exercising her rights under the FMLA.

36. As a result of the foregoing conduct of Honda, Erwin suffered damages, including loss of wages, loss of benefits, physical, mental, and emotional, pain and suffering, and medical bills, other damages to be shown at the ultimate trial of this matter.

WHEREFORE, Plaintiff Aimee Erwin demands judgment against Defendant Honda North America, Inc. for an amount in excess of $25,000, plus interest, costs, and any other relief deemed just and proper.

## FIFTH CLAIM FOR RELIEF

37. Erwin hereby restates each and every allegation contained in the first, second, third and fourth claims for relief as fully restated herein.

38. Honda intentionally, recklessly, and/or negligently acted in an extreme and outrageous manner to as to cause physical injury and severe emotional distress to Erwin.

39. Honda intentionally, recklessly, and/ or negligently acted in an extreme and outrageous manner, proximately causing physical injuries and severe emotional injury to Erwin; and Erwin's mental anguish was serious and of a nature that no reasonable person could be expected to endure.

40. As a result of the foregoing conduct of Honda, Erwin suffered damages, including loss of wages, loss of benefits, physical, mental, and emotional, pain and suffering, and medical bills, other damages to be shown at the ultimate trial of this matter.

WHEREFORE, Plaintiff Aimee Erwin demands judgment against Defendant Honda North America, Inc. for an amount in excess of $25,000, plus interest, costs, and any other relief deemed just and proper.

Respectfully submitted,

KERRIGAN, BOLLER & LINK CO., L.P.A.

Royce A. Link (#0091083)
126 N. Main Avenue
Sidney, Ohio 45365
Telephone: (937) 492-6125
Facsimile: (937) 492-2532
E-mail: roycelink@kerriganboller.com
Attorney for Plaintiff

7

JURY DEMAND:

Plaintiff hereby demands a trial by jury on all issues so triable herein.

_____
Royce A. Link (#0091083)

TO THE CLERK:

Please serve a true and accurate copy of the foregoing on Defendant at the address listed

in the caption of the Complaint by certified mail, return receipt requested.

_____
Royce A. Link (#0091083)

BARB McDONALD
CLERK

2020 JUL 27 PM 12: 57

LOGAN COUNTY
COMMON PLEAS COURT
FILED